| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. <br> ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA ||||
|---|---|---|---|
| **DIVISION** <br> ☒ CIVIL <br> ☐ DISTRICTS <br> ☐ OTHER || **CIVIL ACTION SUMMONS** <br> (b) Form for Personal Service on a Natural Person | **CASE NUMBER** <br> 15-25963CA01 <br> **CLOCK IN** <br> Jose Chavez Jr <br> 12/5/15 8:30 pm <br> J.P. Freel(?) |
| **PLAINTIFF(S)** <br><br> Hilda C. Castro and Osiris C. Garcia || **VS. DEFENDANT(S)** <br><br> El Atlakat Restaurant Corp. <br> Mario Chavez, Jose P. Chavez and <br> Jose Chavez, Jr. ||

THE STATE OF FLORIDA: TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): <br> Jose Chavez, Jr. | Address: <br> 2273 NW 7th Street, Miami, FL 33125 |
|---|---|

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

**MIAMI-DADE COUNTY COURT LOCATIONS**

☒ Dade County Courthouse (05) <br> Room 133 <br> 73 West Flagler Street <br> Miami, Florida 33130

☐ Martin Luther King Office (20) <br> 2525 N.W. 62nd Street <br> Room 1200 A <br> Miami, Florida 33147

☐ North Dade Justice Center (23) <br> Room 100 <br> 15555 Biscayne Blvd. <br> North Miami Beach, Florida 33160

☐ Miami Beach District Court (24) <br> Room 200 <br> 1130 Washington Avenue <br> Miami Beach, Florida 33139

☐ Coral Gables District Court (25) <br> Room 100 <br> 3100 Ponce De Leon Blvd. <br> Coral Gables, Florida 33134

☐ South Dade Justice Center (20) <br> Room 1200 <br> 10710 SW 211 Street <br> Miami, Florida 33189

☐ Hialeah District Court (21) <br> Room 100 <br> 11 East 6th Street <br> Hialeah, Florida 33010

**SERVICE**

| Plaintiff/Plaintiff Attorney <br><br> Florida Bar No. | Address: <br> Penichet Law, 9655 S. Dixie Highway Ste 310, Miami, FL 33156 ||
|---|---|---|
| **HARVEY RUVIN** <br> **CLERK OF COURTS** | BY: **MARIA ANTUNEZ** <br> DEPUTY CLERK | **DATE ON:** <br> NOV 3 0 2015 |

**AMERICANS WITH DISABILITIES ACT OF 1990** <br> **ADA NOTICE**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT 070 Rev. 04/15

**EXHIBIT "B"**

Filing # 34082387 E-Filed 11/09/2015 10:58:12 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

Hilda C Castro, Osiris Catalina Garcia
Plaintiff
        vs.
El Atlakat Restaurant Corp, Mario Chavez, Jose P Chavez, Jose Chavez Jr
Defendant

II.  **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (   )
(Specify)

2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Paul F. Penichet     FL Bar No.: 899380
    Attorney or party                                              (Bar number, if attorney)

Paul F. Penichet     11/09/2015
   (Type or print name)                                              Date

Filing # 34082387 E-Filed 11/04/2015 04:50:42 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

HILDA C. CASTRO, and
OSIRIS CATALINA GARCIA,

    Plaintiff,

v.

EL ATLAKAT RESTAURANT CORP., a
Florida corporation, MARIO CHAVEZ,
JOSÉ P. CHAVEZ, AND JOSÉ CHAVEZ, JR.

    Defendants.
_____/

## COMPLAINT

Plaintiffs, Hilda C. Castro and Osiris Catalina Garcia, sue defendants, El Atlakat Restaurant Corp., Mario Chavez, José P. Chavez, and José Chavez, Jr., and they say:

### INTRODUCTION

1. Plaintiffs, Hilda C. Castro and Osiris Catalina Garcia, bring this action against their former employers, El Atlakat Restaurant Corp., Mario Chavez, José P. Chavez, and José Chavez, Jr., (hereinafter collectively referred to as "Defendants"), to recover unpaid Florida minimum wages, unpaid overtime compensation, prejudgment interest, liquidated damages, attorney's fees and costs.

### JURISDICTION

2. This is an action for damages in excess of $15,000.00.

## THE PARTIES

3. Plaintiff, Hilda C. Castro, is a resident of Miami-Dade County, Florida and is over eighteen years old.

4. Plaintiff, Osiris Catalina Garcia, is a resident of Miami-Dade County, Florida and is over eighteen years old.

5. Castro was employed by Defendants as a waitress from 1999 to December 19, 2014.

6. Garcia was employed by Defendants as a waitress from about November, 2011 to December 20, 2014.

7. Defendant, El Atlakat Restaurant Corp., is a company incorporated under the laws of Florida, and has its principal place of business in Miami-Dade County, Florida.

8. At all times relevant to this action, El Atlakat Restaurant Corp. has had an annual gross volume of sales or business done not less than $500,000 and has engaged in commerce or in the production of goods for commerce, or has had two or more employees handling or working on goods or materials that have been moved in or produced for commerce.

9. Upon information and belief, defendant, Mario Chavez, is a resident of Miami-Dade County, Florida, and he is the President and Director or El Atlakat Restaurant Corp.

10. Mario Chavez, at all times material to this action, acted directly or indirectly in the interest of the defendant corporation in relation to one or more employees; therefore

2

he is an employer within the meaning of the Florida Minimum Wage Act and the Fair Labor Standards Act.

11. Upon information and belief, defendant, José P. Chavez, is a resident of Miami-Dade County, Florida, and he is the Secretary, Treasurer and Director or El Atlakat Restaurant Corp.

12. At all times material to this action, José P. Chavez acted directly or indirectly in the interest of the defendant corporation in relation to one or more employees; therefore he is an employer within the meaning of the Florida Minimum Wage Act and the Fair Labor Standards Act.

13. Upon information and belief, defendant José Chavez, Jr. is a resident of Miami-Dade County, Florida, and he manages El Atlakat Restaurant.

14. At all times material to this action, José Chavez, Jr. acted directly or indirectly in the interest of the defendant corporation in relation to one or more employees; therefore he is an employer within the meaning of the Florida Minimum Wage Act and the Fair Labor Standards Act.

COUNT 1

VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

15. Plaintiffs reallege paragraphs 1 through 14 as if fully set forth herein.

16. The plaintiffs have complied with all conditions precedent to bringing this action for unpaid Florida minimum wages under § 448.110, Fla. Stat. (hereinafter referred to as "FMWA").

17. Plaintiffs were employed by Defendants as waitresses.

18. Florida has two hourly minimum wages; i.e., the full Florida hourly minimum wage which changes each year, and a lower tipped employee minimum wage.

19. In Florida, an employer my pay the lower tipped employee minimum wage only when it meets all of the requirements for taking a tip credit of no more than $3.02.

20. Defendants paid part of the Plaintiffs' compensation in a paycheck at the tipped employee rate of pay, and then paid them an additional sixty ($60) dollars in cash each week. The combination of the two forms of payment to the plaintiffs for all the hours they worked, caused the Defendants to take a tip credit greater than $3.02 in violation of the FMWA.

21. When an employer takes a tip credit greater than allowed by law, then it owes its tipped employees the difference between the actual hourly rate earned and the full Florida minimum wage for every hour the employee worked under those circumstances.

22. Defendants willfully failed to pay Plaintiffs the Florida minimum wage.

23. Defendants also failed to notify Plaintiff of the tip credit as required by law, including that they failed to display any poster or other written material explaining the tip credit to their employees, including the plaintiffs.

24. Defendants remain owing Plaintiffs unpaid minimum wages for up to five years prior to the date this action was filed, plus an additional equal amount of unpaid minimum wages as liquidated damages.

### COUNT 2

### VIOLATION OF THE OVERTIME PAY PROVISION OF THE FLSA

25. Plaintiffs reallege paragraphs 1 through 14 as if fully set forth herein.

26. During the time that Defendants employed the Plaintiffs, Defendants willfully

4

employed each plaintiff for many workweeks longer than 40 hours, and failed and refused to compensate each plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which each plaintiff was employed, contrary to the provisions of Section 7(a) of the FLSA.

27. Defendants failed to keep proper time records as required under the FLSA.

28. As a result of the under payments of overtime compensation alleged above, Defendants are indebted to Plaintiffs in the amount of the unpaid overtime compensation, prejudgment interest and an additional equal amount as liquidated damages.

29. Defendants willfully and intentionally failed to pay Plaintiff the statutory overtime rate as required by the FLSA, and they remain owing each Plaintiff back wages and liquidated damages for up to three years prior to the date this Complaint was filed.

## RELIEF SOUGHT

WHEREFORE, each plaintiff demands judgment awarding her all such legal and/equitable relief that will effectuate the purpose of the FMWA and the FLSA including but not limited to the following:

a. Unpaid Florida minimum wages;

b. Liquidated damages in an amount equal to the of unpaid Florid minimum wages;

c. Unpaid overtime compensation;

d. Liquidated damages in an amount equal to the of unpaid overtime compensation;

e. Prejudgment interest;

f. Attorney fees pursuant to the FLSA and the FMWA,

e.  Court costs, witness fees and other miscellaneous costs of the litigation pursuant to the FLSA and the FMWA; and

f.  Any other relief that this court finds will reasonable under the circumstances

### JURY DEMAND

30. Plaintiffs demand trial by jury.

Respectfully submitted

PENICHET LAW
Counsel for the plaintiff
9655 South Dixie Highway
Suite 310
Miami, FL 33156
Tel:   (305) 373-8809
Fax:   (305) 373-8810
paul@penichetlaw.com

BY:   *s/ Paul F. Penichet*
Paul F. Penichet
FBN: 899380

6