UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 15-24668-KMM

HILDA C. CASTRO and OSIRIS
CATALINA GARCIA,

      Plaintiffs,

vs.

EL ATLAKAT RESTAURANT CORP., a
Florida Corporation, MARIO CHAVEZ,
JOSE P. CHAVEZ and JOSE CHAVEZ, JR.

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, EL ATLAKAT RESTAURANT CORP., a Florida Corporation ("El Atlakat"), MARIO CHAVEZ ("M. Chavez"), JOSE P. CHAVEZ ("J. Chaves") and JOSE CHAVEZ, JR. ("J. Chaves, Jr.") (collectively "Defendants"), by and through undersigned counsel, hereby serves its Answer and Affirmative Defenses to Plaintiffs, HILDA C. CASTRO and OSIRIS CATALINA GARCIA' (collectively "Plaintiffs") Complaint, and state as follows:

1. As to paragraph 1 of the Complaint, Defendants admit Plaintiffs have brought this action against Defendants but deny Plaintiffs are entitled to any relief whatsoever, and demand strict proof thereof.

2. As to paragraph 2 of the Complaint, Defendants admit Plaintiffs are seeking damages in excess of $15,000.00, but deny Plaintiffs are entitled to any relief whatsoever, and demand strict proof thereof.

3. As to paragraph 3 of the Complaint, Defendants admit.

1

4. As to paragraph 4 of the Complaint, Defendants admit.

5. As to paragraph 5 of the Complaint, Defendants admit Castro was employed by El Atlakat as a waitress until approximately December 19, 2014.  Defendants deny the remainder and demand strict proof thereof.

6. As to paragraph 6 of the Complaint, Defendants admit Garcia was employed by El Atlakat as a waitress until approximately December 20, 2014.  Defendants deny the remainder and demand strict proof thereof.

7. As to paragraph 7 of the Complaint, Defendants admit.

8. As to paragraph 8 of the Complaint, Defendants admit.

9. As to paragraph 9 of the Complaint, Defendants admit.

10. As to paragraph 10 of the Complaint, Defendants deny and demand strict proof thereof.

11. As to paragraph 11 of the Complaint, Defendants admit.

12. As to paragraph 12 of the Complaint, Defendants deny and demand strict proof thereof.

13. As to paragraph 13 of the Complaint, Defendants admit J. Chaves, Jr. resides in Miami, but denies the remainder and demands strict proof thereof.

14. As to paragraph 14 of the Complaint, Defendants deny and demand strict proof thereof.

15. Defendants re-allege their answers to paragraphs 1 through 14 as if fully set forth herein.

16. As to paragraph 16 of the Complaint, Defendants deny and demand strict proof thereof.

17. As to paragraph 17 of the Complaint, Defendants admit Plaintiffs were employed by El Atlakat as waitresses, but deny the remainder and demand strict proof thereof.

18. Paragraph 18 calls for a legal conclusion and therefore no answer is required.  However, to the extent an answer is required, Defendants deny.

19. Paragraph 19 calls for a legal conclusion and therefore no answer is required. However, to the extent an answer is required, Defendants deny.

20. As to paragraph 20 of the Complaint, Defendants deny and demand strict proof thereof.

21. Paragraph 21 calls for a legal conclusion and therefore no answer is required. However, to the extent an answer is required, Defendants deny.

22. As to paragraph 22 of the Complaint, Defendants deny and demand strict proof thereof.

23. As to paragraph 23 of the Complaint, Defendants deny and demand strict proof thereof.

24. As to paragraph 24 of the Complaint, Defendants deny and demand strict proof thereof.

25. Defendants re-allege their answers to paragraphs 1 through 14 as if fully set forth herein.

26. As to paragraph 26 of the Complaint, Defendants deny and demand strict proof thereof.

27. As to paragraph 27 of the Complaint, Defendants deny and demand strict proof thereof.

28. As to paragraph 28 of the Complaint, Defendants deny and demand strict proof thereof.

29. As to paragraph 29 of the Complaint, Defendants deny and demand strict proof thereof.

## AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiffs' Complaint fails in whole or in part to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.   Defendants had a reasonable, good faith belief they were not violating the FLSA or FMWA and are therefore not liable for liquidated damages. Any violations of the FLSA or FMWA were unintentional, and therefore liquidated damages are not recoverable. At no time did Defendants willfully violate the requirements under the FLSA.

**THIRD AFFIRMATIVE DEFENSE**

3. The causes of action set forth in the Complaint are barred by the applicable statute of limitations, in such cases made and provided. Plaintiffs cannot seek damages for any time period more than two years prior to the filing of the Complaint in this matter for the federal FLSA claim, or more than five years prior to the filing of the Complaint for the Florida minimum wage claim. At no time did Defendants willfully violate the requirements under the FLSA or FMWA.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' claims are barred by the doctrine of payment. Plaintiffs were paid any and all sums owed and during to them under any contract entered into between the Parties and any requirements under Federal and State law, including but not limited to the FLSA and FMWA. Further, any violation of the FLSA or FMWA were nominal, and Plaintiffs never reported any discrepancy or error in payment to Defendants.

**FIFTH AFFRIMAIVE DEFENSE**

5. Plaintiffs' claims under the FMWA fail because they did not satisfy a condition precedent to bringing such a claim as required by 448.110(6)(a). Plaintiffs' pre-suit demand letters did not provide specific facts necessary to satisfy their requirements necessary to sufficiently identify the minimum wage to which they seek entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

**SIXTH AFFIRMATIVE DEFNESE**

6. M. Chavez, J. Chavez, and J. Chavez, Jr. were not "employers" as that term is defined under the FLSA and FMWA, because they were not sufficiently involved in the day-to-

4

day operations of the business or otherwise exercise such control over Plaintiffs' employment as to make them personally liable. Therefore, these Defendants cannot be held personally liable for any violations of the FLSA or FMWA.

### SEVENTH AFFIRMATIVE DEFNESE

7. Plaintiffs are not entitled to any and all other relief not expressly plead for in the Complaint (including but not limited to injunctive relief). Plaintiffs are precluded from seeking injunctive or other equitable relief in this matter pursuant to the doctrine of unclean hands. Plaintiffs were terminated from their employment for stealing from a customer of El Atlakat.

### NON-WAIVER

Each and every allegation in the Complaint not specifically admitted is denied, and the failure to deny a specific allegation, or assert a specific defense, shall not be deemed to be an admission of an allegation, or a waiver of a defense. Defendans also reserves its right to serve additional affirmative defenses as discovery proceeds.

### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully requests this Court:

A. dismiss the claims against them;

B. award them taxable costs and attorneys' fees pursuant to 29 U.S.C § 216(b), and any other statute or rule providing an award of fees and/or costs; and

C. award them any and all further relief that is just and equitable.

Respectfully Submitted,

s/Joshua M. Entin, Esq.
JOSHUA M. ENTIN, ESQ.
FBN.: 0493724
ENTIN & DELLA FERA, P.A.
Attorneys for Defendants
633 S. Andrews Avenue, Suite 500
Ft. Lauderdale, FL 33301
Tel: (954) 761-7201
Fax: (954) 764-2443
E-Mail: josh@entinlaw.com
***Counsel for Defendants***


/s/ Gregory A. Moore, Esq.
GREGORY A. MOORE, ESQUIRE
Fla. Bar No.: 869422
GREGORY A. MOORE, P.A.
7951 Riviera Blvd., Suite 201
Miramar, Florida 33023
Tel: (305) 557-3161 Fax: (305) 557-3052
E-mail: gmooreesq@aol.com
***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 25th, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                s/ Joshua M. Entin, Esq.
                                                                 Joshua M. Entin, Esquire

**ATTACHED SERVICE LIST**

**Hilda C. Castro, et al.  vs. El Atlakat Restaurant Corp., et al.
Case No:** 15-24668-KMM
**United States District Court, Southern District of Florida**

Paul F. Penichet , Esquire
Penichet Law
9655 South Dixie Highway
Suite 310
Miami, Florida 33156
Tel:     (305) 373-8809
Fax:    (305) 373-8810
**E-mail: paul@penichetlaw.com**
**Attorney for Plaintiffs**